# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

RUSSELL KELSCOE HARDEN,
*Prisoner identification number 360746,*

      Petitioner,

      v.

FRANK B. BISHOP, JR., *Warden,* and
ATTORNEY GENERAL OF MARYLAND,

      Respondents.

Civil Action No. TDC-16-1381

## MEMORANDUM OPINION

Russell Kelscoe Harden, a prisoner confined at North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. By his Petition, Harden challenges his 2009 conviction in the Circuit Court for Anne Arundel County, Maryland on two counts of first degree murder and related offenses. The Petition is fully briefed, and the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the reasons set forth below, the Court will dismiss the Petition as procedurally defaulted.

## BACKGROUND

On November 4, 2009, following a five-day jury trial in the Circuit Court for Anne Arundel County, Harden was convicted of two counts of first degree murder, two counts of attempted first degree murder, conspiracy to commit first degree murder, and related handgun offenses. On

December 23, 2009, Harden was sentenced to five consecutive life sentences without the possibility of parole on the murder counts, plus 20 years of imprisonment on the handgun offenses.

On May 11, 2011, the Maryland Court of Special Appeals affirmed Harden's conviction. On October 25, 2011, the Maryland Court of Appeals denied Harden's petition for a writ of certiorari. *See Harden v. State*, 422 Md. 354 (2011). On October 1, 2012, the United States Supreme Court denied Harden's petition for a writ of certiorari to that Court. *See Harden v. Maryland*, 133 S. Ct. 116 (2012).

On January 23, 2013, Harden filed a state petition for post-conviction relief in the Circuit Court for Anne Arundel County ("the Circuit Court") in which he asserted 23 claims for relief based on ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. Following a three-day hearing, the Circuit Court issued a 41-page opinion on November 5, 2015, addressing each of the claims raised and denying the state petition. Harden filed an application for leave to appeal the denial of the state petition for post-conviction relief, which was received by the Court of Special Appeals on December 11, 2015, after the 30-day deadline for filing the application. Md. Rule 8-204(b)(2). The Court of Special Appeals dismissed the appeal on March 14, 2016 on the grounds that Harden's application was untimely filed.

In his Petition to this Court, which was timely filed, Harden claims that he was denied a public trial; he was denied the effective assistance of trial and appellate counsel; the prosecutor engaged in misconduct; and the trial court erred when it did not excuse a prospective juror for cause. As to his ineffective assistance of counsel claims, Harden argues that trial counsel was ineffective by failing to object to the denial of a public trial; failing to offer an exculpatory letter as evidence; failing to assert Harden's right to a speedy trial under state law; failing to investigate certain evidence; and failing to object to improper closing argument. Harden claims appellate

counsel was ineffective for failing to raise claims that Harden was denied a public trial and that he was denied peremptory challenges based on the failure to excuse certain jurors for cause. As for prosecutorial misconduct, Harden asserts that the prosecutor deceived the court regarding a postponement, failed to disclose exculpatory evidence, engaged in improper closing argument, and used the rule on sequestration of witnesses to deny Harden a public trial.

## DISCUSSION

Respondents claim that Harden's Petition should be dismissed because his claims have been procedurally defaulted. Specifically, Respondents argue that all of the claims raised in the Petition are procedurally defaulted because none were raised on direct appeal, and the claims that were raised in the state post-conviction petition were not reviewed at the state appellate court level.

### I. Procedural Default

A claim is procedurally defaulted if a "state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A claim has also been procedurally defaulted where a petitioner has failed to present it to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to timely note an appeal); *Murray v. Carrier*, 477 U.S. 478, 490-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46-47 (1972) (failure to raise a claim in a state petition for post-conviction relief); *Bradley v. Davis*, 551 F. Supp. 479, 482 (D. Md. 1982) (failure to seek leave to appeal the denial of post-conviction relief). In addition, a procedural default has occurred when a *habeas* petitioner did not present the claim to a state court, and the state court "to which the petitioner would be required to

3

present his claims . . . would now find the claims procedurally barred." *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1).

Here, none of the claims in Harden's Petition were presented on direct appeal. The claim of ineffective assistance of counsel for failing to invoke Harden's right to a speedy trial was also not raised in the state petition for post-conviction relief and can no longer be asserted in such a proceeding, such that it is procedurally defaulted. *See Breard*, 134 F.3d at 619. Although the remaining claims in the Petition appear to have been asserted in Harden's state petition for post-conviction relief, Harden did not properly appeal the denial of these claims to the Maryland Court of Special Appeals in that his application for leave to appeal was dismissed as untimely. In *Coleman*, the Supreme Court held that where a petitioner's appeal of the denial of a state *habeas* petition was inadvertently filed too late, the claims raised in that state petition were procedurally defaulted, because the state court's dismissal of the appeal was based on an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 749-50. Where this case presents the precise scenario at issue in *Coleman*, the Court finds that Harden's claims are procedurally defaulted.

Harden's claim that the Maryland Court of Special Appeals improperly dismissed his appeal does not alter this conclusion. Harden asserts that his application for leave to appeal the denial of his state petition was actually timely because although it was not received by the court until December 11, 2015, he delivered it to prison authorities for mailing on December 1, 2015, before the December 7, 2015 filing deadline. Harden argues that the court unreasonably failed to apply the "prison mailbox rule," the federal rule that prisoner filings are deemed to have been filed on the date they are deposited for mailing within the prison. *See Houston v. Lack*, 487 U.S. 266, 275 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a

petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule). In support of his argument, Hardin submits exhibits documenting his efforts to mail the application for leave to appeal to the state court prior to the deadline.

However, at the time that Harden was seeking to file his application for leave to appeal in December 2015, Maryland did not follow the prison mailbox rule. At that time, Maryland generally deemed the date of filing to be the date the clerk received the filing, not the date when it was mailed. *Hackney v. State*, 184 A.3d 414, 426 (Md. 2018). In May 2018, the Maryland Court of Appeals adopted the prison mailbox rule as "the law in Maryland for post-conviction petitions filed by unrepresented prisoners," and held that it was applicable to "the case before us and all other pending cases where the relevant question has been preserved for appellate review." *Hackney v. State*, 184 A.3d 414, 421 (Md. 2018). As of the date of that decision, Harden's state petition and application for leave to appeal were no longer pending in the Maryland courts. Thus, Harden's application for leave to appeal was properly dismissed as untimely based on a state procedural rule, which provided an independent and adequate ground for the dismissal. *See Coleman*, 501 U.S. at 731-32.

## II.     Cause and Prejudice

If a procedural default has occurred, a federal court may still address the merits of a state defendant's *habeas* claim if the petitioner can show both cause for the default and actual prejudice that would result from failing to consider the claim on the merits. *See Murray*, 477 U.S. at 494-95; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must

show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Harden offers no argument that he can establish cause and prejudice. Construed liberally, Harden's asserted facts about his efforts to mail his application for leave to appeal could be construed as an argument that there was cause for his procedural default. *See Henderson v. Palmer,* 730 F.3d 554, 560 (6th Cir. 2013) (finding cause where prison mail officials failed to timely deliver an application for leave to appeal where the prisoner delivered it to the mail room five days before the deadline), *Ivy v. Caspari,* 173 F.3d 1136, 1141 (8th Cir. 1999) (holding that a prison's non-delivery of a prisoner's motion that was timely and properly delivered to the prison mail room was cause "attributable to the State" for purposes of overcoming procedural default). Harden has submitted records reflecting that he sought to send his application by certified mail to both the state court and to the Attorney General of Maryland on December 1, 2015, but that the package was returned back to him on December 2, 2015 because he did not have sufficient funds in his account to pay for two certified mailings. After he resolved that issue, he was informed on December 4 by mail room staff that his certified mail would go out on Monday, December 7, 2015, after the filing deadline. Although Harden appears to have been diligent in seeking to meet the deadline, where his failure to ensure that he had sufficient funds in his account to send his filing by certified mail was not external to Harden's control, his case does not fall squarely within the reasoning of *Henderson* and *Ivy*, in which the failure to deliver the prisoner's filing on time was entirely the fault of the prison. *Compare Henderson,* 730 F.3d at 560, *and Ivy*, 173 F.3d at 1141 (in finding cause, relying on the fact that the non-delivery of the petitioner's filing "was not the result of any want of attention on his part") *with Merry v. LaRose*, No. 13-CV-1374, 2015 WL

672038, at *10 (N.D. Ohio Feb. 17, 205) (finding no cause for procedural default where the petitioner waited until three days before the filing deadline to provide the money for processing his mail). *Cf. Coleman*, 501 U.S. at 753-54 (finding that an inadvertent error by the petitioner's attorney resulting in a failure to file a timely notice of appeal was not "cause" sufficient to excuse a procedural default).

Regardless, even if Harden could be deemed to have shown sufficient cause, the Court finds, based on its careful review of the Circuit Court's opinion on the state petition for post-conviction relief and the underlying record, that Harden has not shown prejudice sufficient to excuse the procedural default. Harden's claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and judicial misconduct, at a minimum, did not work "to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494.

### III.    Actual Innocence

Finally, the Court rejects Harden's actual innocence claim as grounds for granting the Petition. Procedural default may also be excused if the failure to consider the claim on the merits would result in a miscarriage of justice, as demonstrated by a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 496. "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Such evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155

F.3d 396, 404-05 (4th Cir. 1998). Significantly, the new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999). Specifically, to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim, a petitioner must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

As a supplement to his Petition, Harden submitted materials that he had submitted with a Petition for a Writ of Actual Innocence he had filed in the Circuit Court. These materials include a 2013 signed affidavit from James Watkins, a co-defendant who testified against Harden at trial in exchange for a lighter sentence. In the affidavit, Watkins purports to recant his trial testimony as "false" and states that Harden is "an innocent man," alleges that he testified falsely because the prosecutor and his own attorneys threatened him, but provides no further detail regarding what actually occurred or who, other than Harden, was responsible. Watkins Aff. ¶¶ 1-2, Supp. Pet. Ex. 8, ECF No. 33-8. At an evidentiary hearing on that petition, however, Watkins invoked his Fifth Amendment rights and declined to testify regarding the affidavit or any aspect of his trial testimony. The Circuit Court denied the writ, concluding that:

> This Court finds that the recantation is new evidence, but does not find it credible in the context of Mr. Watkins' in-court invocation of his right to remain silent, his obvious emotional distress, and the extensive support both by forensics (video recording, [gun shot residue], and DNA) and by other witnesses for his trial testimony.

> As previously noted in its post conviction opinion herein, this Court agrees with the Court of Special Appeals assessment, despite the central role of codefendants' testimony, that due to the extensive corroboration of this testimony both by videotape and scientific tests, there was 'overwhelming evidence of [Harden's] guilt.' . . . And, as the State argues, this Court also finds that the evidence would be more than sufficient for the State to obtain a guilty verdict from another jury, even if Mr. Watkins refused to testify in a new trial.

Mem. Op. 8-9, Supp. Pet. Ex. 9, ECF 33-10 (record citations omitted). Harden appealed the denial of his Petition for a Writ of Actual Innocence to the Maryland Court of Special Appeals, which affirmed the lower court's denial, observing that an assessment of the credibility of Watkins' affidavit "was in 'the unfettered domain' of the trial judge" that the appellate court accepts "'as historic reality unless it was clearly erroneous.'" Mem. Op 2, Supp. Pet. Ex. 1, ECF 33-2. Harden's petitions for writs of certiorari to the Maryland Court of Appeals and the Supreme Court were denied.

Although the Watkins affidavit may represent evidence not presented at trial, it does not satisfy the actual innocence standard because it does not affirmatively demonstrate innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999) (holding that the new evidence underlying an actual innocence claim must do more than undermine the finding of guilt, it must affirmatively demonstrate innocence). Rather, it is a vague and generalized statement that Watkins was not truthful but provides no specific evidence exonerating Harden. Where such evidence was deemed not credible by the Circuit Court, and Harden does not provide any other evidence to support a claim of actual innocence in the face of the compelling evidence of guilt, the Court finds that Harden's actual innocence claim does not provide a basis to excuse the procedural default. Accordingly, the Court will dismiss the Petition.

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

9

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Harden's claims are dismissed on procedural grounds. Upon review of the record, this Court finds that Harden has not made the requisite showing to warrant a certificate of appealability and therefore declines to issue one. Harden may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. 28 U.S.C. § 2253(c)(1); *Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DISMISSED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date:  September 18, 2019

THEODORE D. CHUANG
United States District Judge